```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION
```

JUAN BERMUDEZ,

       Plaintiff,            CIVIL ACTION NO. 10-13944

  v.                        DISTRICT JUDGE VICTORIA A. ROBERTS

                            MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                        \*   \*   \*

Plaintiff filed an application for Social Security disability income benefits on December 12, 2007, alleging that he had become disabled and unable to work on May 1, 2006, at age 49, due to severe back pain, bilateral carpal tunnel syndrome, borderline intellectual functioning and a past history of alcohol and cocaine abuse. Benefits were denied by the Social Security Administration. A requested _de novo_ hearing was held on December 9, 2009, before Administrative Law Judge (ALJ) Curt Marceille. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work, including his past work

as an inspector. The ALJ restricted Plaintiff from having to use vibrating tools. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 52 years old at the time of the administrative hearing (TR 32). He had a tenth grade education, and had been employed during the relevant past as an automobile inspector for General Motors (TR 32, 35). As an inspector, he was required to remain on his feet for extended periods. He had to constantly bend down and reach over his head. He was sometimes required to lift upwards of 20 pounds on a regular basis (TR 35-36). Claimant stopped working in May 2006, due to severe back pain that prevented him from remaining on his feet for prolonged periods (TR 35). Plaintiff accepted workers compensation benefits until July 2009, when he decided to retire from General Motors (TR 34).

A Vocational Expert, Joanne Pfeffer, classified Plaintiff's past inspection work as light, unskilled activity (TR 49). If the claimant were capable of light work, the witness testified that he could return to his past work as an automobile inspector. The job did not involve the use of vibrating tools, and required just occasional stooping and twisting (TR 50-51).

**LAW JUDGE'S DETERMINATION**

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease, status post bilateral carpal tunnel surgery, a past history of alcohol and cocaine abuse and borderline intellectual functioning , but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's carpal tunnel and back pain prevented him from using vibrating tools.  Claimant was also restricted from frequent stooping and twisting.  Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, including his past work as an automobile inspector.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679,

681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff does not challenge the Law Judge's residual functional capacity evaluation that he remained physically capable of performing the exertional demands of light work. Instead, he argues that the Law Judge's hypothetical questions to the vocational expert failed to incorporate all of his mental limitations, particularly his difficulties with maintaining concentration, persistence or pace[1] (See pp. 6-8 of Plaintiff's memorandum in support of Summary Judgment).

**DISCUSSION AND ANALYSIS**

---

[1]Plaintiff relies on the opinion of a non-examining state agency physician, who indicated in a mental residual functional capacity assessment that claimant could not perform routine work-related tasks due to an inability to sustain concentration (TR 217). As pointed out by the Commissioner, however, the doctor also indicated that Plaintiff remained capable of performing unskilled work (TR 200).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work, including his past work as an automobile inspector. The medical evidence of record revealed that Plaintiff suffers from two non-exertional impairments. He was unable to read due to borderline intellectual functioning[2] (TR 197). Both impairments, however, are of long-standing duration. There was nothing in the record to suggest that claimant's IQ has changed, and he has never been able to read. Yet, he was gainfully employed by General Motors for over 30 years, despite these disorders.

Plaintiff blamed his physical problems, not mental impairments, for his inability to go back to work. Claimant testified that he was unable to return to his past job because of hand and back pain (TR 36-37). When asked by the ALJ whether there were any other problems that prevented him from returning to work, claimant replied in the negative (TR 42). Plaintiff never sought mental health treatment, and there is no record of any doctor recommending that he seek such treatment. Claimant's ability to perform his past work, despite his longstanding mental limitations, supports the ALJ's determination that he could still perform that work.

Once it is determined that an applicant can perform past relevant work at step four, as was the case here, it was

---

[2]Plaintiff has history of substance abuse, but he denied using drugs or alcohol at the time of the hearing. The Social Security Act has been amended, however, to prevent a claimant from being found disabled due to substance abuse. 42 U.S.C. 423(d)(2)(C).

5

unnecessary to continue the sequential evaluation to determine whether he could perform other jobs at step five.  He is deemed not disabled and there is no need for the testimony of a vocational expert or consideration of the Medical-Vocational Guidelines.  <u>Orick v. Sullivan</u>, 966 F.2d 368, 372 (8th Cir. 1992).  Therefore, even if the ALJ posed a flawed hypothetical question to the Vocational Expert, it was irrelevant to his step four finding that Plaintiff was not disabled.

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's impairments did not prevent him from returning to his past light work as an automobile inspector.  There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable.  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in

28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 8, 2011        s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 8, 2011        s/ Lisa C. Bartlett
                                      Case Manager